Brockenbrough, J.
At the time the deed was executed by William Thomas and wife to King, the revised statute of conveyances of 1792 was in force; 1 Old Rev. Code, Pleasants’s edi. ch. 90. § 6. p. 157. By that statute it is declared, that when husband and wife shall have executed a deed, and the wife shall have been examined privily and apart from her husband, in either of the ways pointed out by it, the deed “ shall not only be sufficient to convey or release any right of dower thereby intended to be conveyed or released, but be as effectual for every other purpose as if she were an unmarried woman.” The phraseology of the statute of 1819, 1 Rev. Code, ch. 99. § 15. p. 366. is somewhat differ *12 ent, and. is more explicit; though the meaning of the ° former statute is, I thmk, m substance, the same—that “ such deed shall be as effectual in law to pass all the right, title,, .and interest of .the wife, as. if. she had been an unmarried woman.” The language .of both these-recent statutes is different from that of the statutes of 1674 and of 1748, 2 Hen. stat. at large, p. 317.. 5 Id. 410. .Those ancient statutes declare, that the deed shall be as, valid to pass .the- estate &c. “ as if the,same had; been done.by fine and recovery;” and- if those statutes were still in force, we might go into the inquiry of:.the effect of the english statutes of fines on the conveyance of her title, or right of dower in her'husband’s lands, or -on the conveyance .of her; own lands, by an infant feme covert.. But as the statute of 1792. has no reference whatever to the mode of conveying a feme covert’s land, or her dower right, by fine and recovery, it cannot be necessary to inquire, whether she could reverse a fine and recovery, during her husband’s life, or .after -his death, if she be of full age when he dies. The only inquiry, which, it can be necessary to make, in cases, of this kind happening under our present laws, is, what is the effect of a deed executed by an unmarried woman ? The general rule is, that an infant can make no deed, purchase or conveyance, which may not be avoided after the infancy ceases.., An infant feme sole, then, .who conveys her land, may disaffirm- her contract after she becomes of fuff age, and may recover it back in a proper action. When the disability of coverture is added to that of infancy, neither reason nor the statute will justify the depriving her of a right, which she would have had but for that disability. . ,.
There is no error in so much of the judgment as gives to the demandants .seizin of the third part of the land which had been conveyed by the female demandant’s former husband: but as that husband did not die seized of the land, the fourth section of the statute of dower, *13 1 Rev. Code, ch. 107. p. 403. will not authorize the re- ... „ / i / t-i covery of damages m this case. Todd v. Baylor, 4 Leigh 498. Harg. Co. Litt. 32. b. note 4. 1 Thomas’s Co. Litt. 584. n. 45. 2 Wins. Saund. 45. n. 4. and 331. The judgment must therefore be reversed with costs in this court, and judgment be given in favour of the demandants, for the dower.
Carr, J.
The main question is, whether an infant feme covert, by joining her husband in the execution of a deed, with privy examination, and all the forms required by our statute, can so bind herself, that she cannot, after the death of her husband, and her own attainment to full age, recover dower in the land ? I hold; that the deed, with all these formalities, does not bind her; because the statute says, expressly, that by executing a deed, observing all the legal forms, she shall pass all her right, title and interest “ as if she had been an unmarried womanmeaning to remove but one of her disabilities, coverture. If she were unmarried, and an infant, we know, her deed would not bind her. The wording of the existing statutes is the stronger to prove the purpose of the legislature, from the circumstance of its having been changed from the language of the more ancient statutes, which provided that the execution of a deed by a feme covert, with these formalities, should be equal to a fine and recovery.
With respect to the other point, the assessing damages, it was certainly erroneous, as the husband did not die seized; but I think we may sever this part of the finding, and reversing so much of the judgment as gives damages, affirm the rest. The appellant must have his costs, I presume, as he prevails in getting clear of the damages. , •
Cabell and Brooke, J. concurred.
*14 Tucker, P.
There can be no doubt, since the decision °f Todd v. Baylor, that the jury have improperly assessed, and the court has improperly given judgment for, damages. But as the finding was surplusage, it might have been rejected as such by the court; and this court, in correcting the judgment, may affirm so much as is good, and reverse it so far as it has been rendered for the damages.
This state of the case still leaves it necessary to decide the other question, which has been argued at the bar. I am not aware that it has ever been discussed in this court before; probably, because the sentiment of the profession has been very general against the validity of a conveyance of an estate, or of a release of a right of dower, by an infant feme covert. The contrary opinion has been advanced on this occasion, and supported, I doubt not, by all the arguments of which it was susceptible. I cannot however concur in the positions of the appellant’s counsel. The argument is, that our statute for the privy examination of femes covert, places a deed executed according to the prescribed formalities, upon the footing of a fine and recovery; and that a fine and recovery by a feme infant, was irreversible in the husband’s lifetime, or even after his death, if the wife in the mean time had attained her full age. These positions are not sustained, I think, by the statutes, and the established principles of the law.
As to the statutes : those of 1674 and 1748 did, it is true, very distinctly declare, that a deed executed in the manner prescribed by them, should have the effect and validity of a fine and recovery. But the recent statutes of 1785, ch. 62.12 Hen. stat. at large, pp. 154, 5. 1 Old Rev. Code, ch. 90. § 6. p. 158. dropping this language of the former statutes, declare, that the deed shall have the same effect “ as if the feme were an unmarried woman.” From this change of phraseology, we are authorized to infer, that the legislature thought the lan *15 guage of former statutes too broad, and of purpose narrowed and confined it. Taking the language of the existing statutes in its obvious sense, the privy examination of the feme cannot give validity to the deed, if she was an infant when it was executed; for it would not have been valid if she had been an unmarried woman. I can conceive no motive for abandoning this interpretation, and construing the statute, as if it still actually contained the provision which it has expressly discarded. There was much reason, indeed, for the guarded enactment of the present code. For, if the deed was in all things to have the effect of a fine, it would bind until reversed; and it would be difficult to imagine by what process this reversal was to be effected. In the case of the fine, it was reversible by writ of error; but to the execution of a deed, no such process is at all applicable. In the case of the fine, the trial was by inspection ; and the writ of error did not lie after full age. But in our statute, there is no provision made for correcting the error of taking the privy examination of an infant.; and unless it be considered, that a deed executed by a feme infant is to be governed by the general principles applicable to the deeds of infants, and avoided by the plea of infancy, whenever it is attempted to enforce it, the party would seem to be utterly without remedy, and would be irrevocably bound by a deed executed when she wanted a capacity to contract. There is certainly nothing in this statute, or in the general principles of the law, which excludes infant femes covert from the protection extended to infants generally. Even where the act is connected with the marriage contract itself, the party, if an infant, is not always bound. See 5 Ves. 714. Newland 8. 1 Madd. 282. Thus, an infant jointress may refuse the jointure after her husband’s death, and take her dower; and though she may assent to a settlement of her personalty, yet that is because, without such settlement, it would at once vest in the *16 husband ™ absolute property. 3 Atk. 612. Now, if a relinquishment of dower in consideration of a jointure, made at the time of marriage, and in fact constituting part of the contract, is not binding irrevocably on an infant, it would seem strange that such a relinquishment made after marriage, should have that effect.
Upon the whole, I am of opinion, that the judgment was properly rendered "for the demandants, except as to the damages; that it should be corrected as to them, and such judgment rendered as the court below should have rendered.
Judgment reversed with costs; and judgment entered for the dower only, without damages.